ADAM A. GORDON
United States Attorney
SEAN VAN DEMARK
Assistant United States Attorney
Hawaii Bar No. 10288
ANDREW SHERWOOD
Assistant United States Attorney
California Bar No. 342419
New York Bar No. 4518106
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7657/9690
Email: sean.van.demark@usdoj.gov/andrew.sherwood@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANTAL HERNANDEZ,<br><br>Defendant. | Case No. 23CR1821-JES<br><br>UNITED STATES' MOTIONS SUPPLEMENTAL *IN LIMINE* TO:<br><br>(A) Preclude evidence, questioning, or argument about OMDC Investigator Arturo Torres' role in deportations<br><br>Date: May 5, 2025<br>Time:  10:00 a.m. |

Comes now the plaintiff, United States of America, through its counsel, Adam A. Gordon, United States Attorney, and Sean Van Demark and Andrew Sherwood, Assistant U.S. Attorneys, and files its supplemental motion *in limine*. The first motions *in limine* were filed on April 14, 2025. ECF. 93.

# I

# POINTS AND AUTHORITIES

**A. Preclude evidence, questioning, or argument about OMDC Investigator Arturo Torres role in deportations.**

The United States moves to preclude evidence, questioning, or argument regarding Otay Mesa Detention Center (OMDC) investigator Arturo Torres' role in deportations. Investigator Torres is a gang investigator at OMDC. Investigator Torres' involvement in this case is that he was the person who downloaded and reviewed the phone and video calls between Defendant and I.K.N. The United States may call him to authenticate these calls.

Recently and well after the investigation into Defendant, Investigator Torres was involved in putting together packets of information on detainees that were suspected gang members and provided them to Charles Cross, another investigator at OMDC, who then verified the information and provided the packets to ICE. Many of these detainees were then deported to the CECOT prison in El Salvador. As has been widely reported, one such detainee deported to CECOT, was Andry Jose Hernandez.

Investigator Torres' involvement in the deportations is irrelevant under Rule 401. His role in this trial is to authenticate recorded calls, which speak for themselves. His involvement in the deportations is of no consequence to the determination of any of the essential facts in this case. Namely, whether Defendant engaged in a sexual act with I.K.N. when he was under the custodial, supervisory, or disciplinary authority of the Defendant.

Further, Investigator Torres' involvement in the deportations should be excluded under Rule 403 because admission of such evidence will tend "to induc[e] decision on a purely emotional basis" in violation of Rule 403. *See* Fed. R. Evid. 403 Advisory Committee Notes; *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998). Juries should not be influenced by sympathy. *See* Ninth Cir. Crim. Jury Instr. § 3.1. Thus, Defendant should be precluded from offering evidence about the deportations, questioning

Investigator Torres about them or his role in the deportations or making arguments related to them. They are a wholly separate event and has no bearing on the present matter or trial.

## **CONCLUSION**

For the reasons stated above, the United States respectfully requests that this Court grant its motions.

DATED: April 24, 2025                    Respectfully submitted,

ADAM A. GORDON
United States Attorney

*s/Andrew Sherwood*
*s/Sean Van Demark*
ANDREW SHERWOOD
SEAN VAN DEMARK
Assistant U.S. Attorneys

3