```
Marc Levinson
California State Bar No. 249322
Marc_Levinson@fd.org
Jessica J. Oliva
California State Bar No. 312435
Jessica_Oliva@fd.org
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 234-8467
```

Attorneys for Ms. Shantal Hernandez

United States District Court, Southern District of California
(The Honorable James E. Simmons, Jr.)

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>   v.<br><br>Shantal Hernandez,<br><br>                Defendant. | Case No.: 3:23-cr-1821-JES<br><br>**Ms. Hernandez's Supplemental Motions in Limine**<br><br>Motion hearing: May 5, 2025, at 10:00 a.m. |

## NOTICE OF MOTIONS

The defendant, Ms. Shantal Hernandez, by and through counsel, Marc Levinson, Jessica J. Oliva, and Federal Defenders of San Diego, Inc., moves this Court for an order to:

    (1)    Admit OIDO/ISN Job Descriptions, Trainings Materials, and Policies; and
    (2)    Admit Otay Mesa Detention Center Training Materials, Post Orders, and Policies.

These motions are based upon the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at or before the hearing on these motions.

# POINTS AND AUTHORITIES IN SUPPORT OF MS. HERNANDEZ'S SUPPLEMENTAL IN LIMINE MOTIONS

## I.  Statement of Facts

On October 12, 2022, Ms. Hernandez was hired by Information Systems and Networks Corporation (ISN) as an immigration and detention case manager (IDCM). Specifically, she was hired as a contractor within the Case Management Division (CMD) of the Office of the Immigration Detention Ombudsman (OIDO).

Ms. Hernandez began her term of employment on December 12, 2022. As a case manager, she addressed detention concerns submitted by immigration detainees at immigration detention facilities in San Diego, including the Otay Mesa Detention Center (OMDC). Though per statute case managers are allowed "unfettered access" to immigration detention facilities, Ms. Hernandez's position exposed her to each facilities detention standards and subjected her to each facility's security processes and safety protocols.

In performing her job as a case manager, Ms. Hernandez visited OMDC from January 2023 to March 2023. During this time, she met with numerous detainees that submitted grievances to OIDO, including I.K.N. The government alleges Ms. Hernandez engaged in sexual acts with I.K.N. during her visits at OMDC, including on March 6, 2023. Ms. Hernandez was terminated by ISN on April 30, 2023.

## II.  Procedural history

Ms. Hernandez was arrested on August 9, 2023. On September 6, 2023, a two-count indictment was filed, charging Ms. Hernandez with violating 18 U.S.C. § 2243(b), Sexual Abuse of a Ward. The following day, Ms. Hernandez entered a not guilty plea after she was arraigned on the indictment.

A jury trial is set for May 19, 2025. These supplemental motions *in limine* follow.

//
//

**III. Argument**

    **A. The Court Should Admit OIDO/ISN Job Descriptions, Training Materials, and Policies**

Ms. Hernandez seeks to admit OIDO and ISN job descriptions, training materials, and policies related to her job as an immigration detention case manager. The government accuses her of holding the requisite authority under 18 U.S.C. § 2243(b). These materials are evidence of her job duties and responsibilities. The parties, through a meet and confer, have stipulated to the materials' admissibility and authenticity under Federal Rules of Evidence 803 and 902.

    **B. The Court Should Admit OMDC Training Materials, Post Orders, and Policies**

Just as the OIDO/ISN training materials are relevant to demonstrate the duties and authority of an OIDO case manager, OMDC training materials, post orders, and policies are relevant to demonstrate the duties and authority of OMDC custodial staff. The government accuses Ms. Hernandez of engaging in sexual acts with I.K.N. while having supervisory, disciplinary, and custodial authority over him. Specifically, it argues that Ms. Hernandez "had the authority to direct the movement of I.K.N. and have him moved from any location at OMDC and be brought to her location." ECF No. 93, 4-5. The government further alleges that Ms. Hernandez "had sole custodial authority over I.K.N. in that she was alone with I.K.N. in a room without the supervision of any other staff at OMDC." *Id.* at 5.

Ms. Hernandez was employed as a case manager and assigned to OMDC. Her job required her to visit the facility to address grievances submitted by immigration detainees, which included conducting in-person visits. Though she had access to the facility to perform her assigned duties, Ms. Hernandez never had supervisory, disciplinary, and custodial authority over immigration detainees. OMDC staff, including the correctional and custodial staff, at all times maintained supervisory, disciplinary, and custodial authority over immigration detainees. To rebut the government's allegations that she had "sole custodial authority over I.K.N.," Ms.

1 Hernandez will need to contrast a case manager's trainings and policies with those of
2 OMDC's custodial staff, which is charged with authority over immigration detainees
3 at the facility. It's extremely difficult—if not impossible—to meaningfully convey the
4 concept of authority without addressing its underpinnings in training. At its core,
5 authority is the exercise of institutional power that is granted and recognized through
6 training.

7 Should this Court require additional information regarding the relevance of
8 these documents, the defense can provide those details ex parte and under seal.

Respectfully submitted,

Date:  April 24, 2025            Signed: *s/ Marc Levinson & Jessica Oliva*
                                 Attorneys for Shantal Hernandez
                                 Federal Defenders of San Diego
                                 marc_levinson@fd.org
                                 jessica_oliva@fd.org