ADAM GORDON
United States Attorney
SEAN VAN DEMARK
Assistant United States Attorney
Hawaii Bar No. 10288
ANDREW SHERWOOD
Assistant United States Attorney
California Bar No. 342419
New York Bar No. 4518106
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7657/9690
Email: sean.van.demark@usdoj.gov/andrew.sherwood@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23CR1821-JES |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE* AND SUPPLEMNTAL MOTIONS *IN LIMINE* |
| v. | |
| SHANTAL HERNANDEZ, | Date: May 5, 2025 |
| Defendant. | Time: 10:00 a.m. |

Comes now the plaintiff, United States of America, through its counsel, Adam Gordon, United States Attorney, and Sean Van Demark and Andrew Sherwood, Assistant U.S. Attorneys, and files its response to Defendant's motions *in limine*.

# I
# POINTS AND AUTHORITIES

**1. Defendant's motion to exclude reference to pregnancies should be denied.**

Of course evidence of Defendant's pregnancy would have a "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Count 2 of the Indictment charges Defendant with having vaginal intercouse with I.K.N. Clearly, Defendant becoming pregnant is evidence of that. It is potentially the most compelling, concrete evidence that Defendant and I.K.N. had vaginal intercourse. Defendant is free to argue it's someone else's baby. But Defendant's argument simply goes to weight of the evidence, not it's admissibility. And their motion should be denied.

Again, proving vaginal sex is necessary to prove Count 2. The fact that she was pregnant is highly probative and that probative value is not outweighed by any unfair prejudice. Fed. R. 403. There would not be any evidence presented as to what happened with the pregnancy. If Defendant is concerned the jury will speculate about what happened with the pregnancy, the United States would not oppose a jury instruction to address that concern. Again, their motion should be denied.

**2. Defendant's motion to exclude unnoticed expert testimony is moot.**

The United States provided notice of our expert testimony on April 18, 2025.

**3. Defendant's motion to exclude unnoticed Fed. R. Evid. 404(b) evidence should be denied.**

As provided in the United States filed Motions *in limine* (E.C.F.93), The United States seeks to introduce in its case-in-chief various messages, images, call logs, transaction logs and other forensic artifacts located on the seized devices/iCloud. It is the United States' position that these items are inextricably intertwined with the charged conduct and are direct evidence of the criminal charges. The United States intends to introduce this information at trial to meet its burden of proof of the elements of the charged offense. Certain additional evidence may also be offered as inextricably intertwined with

the charged offense, including statements made by HERNANDEZ and admissible statements made by I.K.N. regarding his relationship with HERNANDEZ leading up to HERANDEZ's arrest. There are generally two categories of other act evidence which can be considered "inextricably intertwined" with the charged crime so as to exempt it from the requirements of Rule 404(b). "First, other act evidence may 'constitute [ ] a part of the transaction that serves as the basis for the criminal charge.'" *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (quoting *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir.1995)). "Second, admission of other act evidence may be 'necessary ... to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" *Id.* Here, the nature of the relationship between HERNANDEZ and I.K.N. are all related to the conduct that serves as a basis for the charge and are essential for the United States to explain the commission of the crime and to demonstrate the lack of any force or coercion by I.K.N. For example, the United States intends to introduce evidence of HERNANDEZ and I.K.N. engaging in sexually explicit conversations as well as videos wherein HERNANDEZ, in the comfort of her own and not while engaged in her duties as an IDCM, would pose in lingerie at length for I.K.N. This evidence demonstrates the nature and context of the association between them and is thus part of the conduct that serves as the basis for the charged offenses.

To the extent the Court believes any such evidence is not intertwined with the charged offense, the United States instead asserts that such evidence is appropriately admitted under Rule 404(b). Evidence of the existence of communications between HERNANDEZ and I.K.N., their conduct leading up to HERNANDEZ's arrest, including the history of their relationship, is admissible to demonstrate HERNANDEZ's opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake. Fed. R. Evid. 404(b). Thus, Defendant's motion should be denied.

//

//

**4. Defendant's motion to exclude witnesses from the Courtroom except for the defense's investigator and the United States' case agent.**

The United States does not oppose this request.

**5. Defendant's motion to admit OIDO/ISN Job Descriptions, Training Materials, and Policies.**

The United States does not necessarily oppose this request, but would request that Defendant direct the United States to the specific documents they plan to admit prior to trial.

**6. Defendant's motion to admit OMDC Training Materials, Post Orders and Policies.**

The United States does not necessarily oppose this request, but would request that Defendant direct the United States to the specific documents they plan to admit prior to trial.

DATED: May 1, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*s/Sean Van Demark*
*s/Andrew Sherwood*
SEAN VAN DEMARK
ANDREW SHERWOOD
Assistant U.S. Attorneys