1  **Marc Levinson**
   California State Bar No. 249322
2  Marc_Levinson@fd.org
   **Jessica J. Oliva**
3  California State Bar No. 312435
   Jessica_Oliva@fd.org
4  Federal Defenders of San Diego, Inc.
   225 Broadway, Suite 900
5  San Diego, California 92101-5030
   Telephone: (619) 234-8467
6
7  Attorneys for Ms. Shantal Hernandez

8           United States District Court, Southern District of California
9                      (The Honorable James E. Simmons, Jr.)

| | |
|---|---|
| 10  United States of America, | Case No.: 3:23-cr-1821-JES |
| 11                Plaintiff, | **Ms. Hernandez's Response in Opposition to Government's Motions in Limine** |
| 12  v. | |
| 13  Shantal Hernandez, | Motion hearing: May 5, 2025, at 10:00 a.m. |
| 14                Defendant. | |

15      Ms. Shantal Hernandez, by and through counsel, Marc Levinson, Jessica J.
16  Oliva, and Federal Defenders of San Diego, Inc., hereby responds to the government's
17  motions in limine.

**I.   Government's Motion to Exclude Argument and Testimony Regarding Ms. Hernandez's Health, Age, Finances, Education, and Potential Punishment**

    The government moves the Court to preclude "evidence or argument regarding [Ms. Hernandez's] personal background, or her potential punishment, including any reference to the statutory maximum sentence for this charge." ECF No. 93, 6.

    Information about Ms. Hernandez's background and circumstances may be relevant and important in giving context to other evidence. A factfinder cannot be expected to evaluate evidence and testimony of witnesses in a vacuum. *See, e.g.*, *Petris v. Kuykendall*, 239 F.3d 1057, 1063 (9th Cir. 2001) (finding constitutional error where trial court precluded petitioner from presenting evidence that would have

corroborated her testimony). Contrary to the government's argument, such evidence is both admissible and proper. Additionally, the Court will likely instruct the factfinder "not to be influenced by any personal likes or dislikes, opinions, prejudices or sympathy." 9th Cir. Model Jury Instr. § 3.1. Thus, any risk of unfair prejudice would be addressed by the Court's instruction.

The Court should deny this motion as unripe and rule on any objections contemporaneously at trial. Ms. Hernandez will abide by the rules of evidence, including the rule governing the admissibility of relevant evidence.

## II.   Government's Motion to Permit Certain Witnesses in the Courtroom

Ms. Hernandez joins the government's request to exclude all testifying witnesses from the courtroom, except for the case agent and defense investigator.

## III.   Government's Motion to Admit Expert Testimony

Ms. Hernandez does not object to Senior Special Agent and Forensic Examiner Todd Gludd's qualifications under Federal Rule of Evidence (FRE) 702. However, because the government has not identified the specific evidence it seeks to introduce through this expert, she reserves the right to object to specific items presented at trial.

## IV.   Government's Motion to Admit Prison Rape Elimination Act (PREA) Evidence

The government seeks to introduce "evidence of the fact that [Ms. Hernandez] received training on PREA." ECF No. 93, 8. The Court should deny the government's motion because this evidence is both irrelevant and overly prejudicial under FRE 403.

The government argues that this evidence is relevant because it "goes directly to her knowledge that sexual relationships with detainees was not only improper, but it was illegal." *Id.* However, Ms. Hernandez's knowledge that sexual relationships with detainees are illegal is irrelevant. To meet its burden at trial, the government must prove that Ms. Hernandez "knowingly engaged in a sexual act" with a detainee. Her knowledge about whether her conduct was illegal is not an element of the offense and, therefore, irrelevant.

Instead, permitting a jury to hear such irrelevant evidence presents a substantial danger of unfair prejudice and confusion. Fed. R. Evid. 403. First, whether Ms. Hernandez violated PREA is not at issue here. Ms. Hernandez is specifically charged with violating 18 U.S.C. § 2243(b), which criminalizes knowingly engaging in a sexual act with I.K.N. who was under official detention while she exercised custodial, supervisory, and disciplinary authority over him. PREA, on the other hand, is not even a criminal statute. It is an Act that was passed with the goal of preventing, detecting, and responding to sexual abuse of persons in the custody of U.S. correctional agencies. PREA sets out administrative goals and guidelines that require developing "standards for detention, prevention and reduction, and punishment of prison rape" and "standardizes collection and dissemination of information on the incidences of prison rape."[1] If a jury hears evidence about PREA, it will only lead to confusion over what law controls in determining whether Ms. Hernandez is guilty of the charged offenses. Second, the Act's name alone would inject unfair prejudice into the trial. It references the elimination of "prison rape." The government's theory is that Ms. Hernandez engaged in an unlawful, yet consensual sexual relationship with I.K.N. Without defining what sexual abuse means under PREA, jurors will be left with the implication that this case involves "prison rape" or similarly egregious conduct. Because this evidence carries no probative value and is instead substantially outweighed by the risk of unfair prejudice and confusion, the Court should deny the government's motion.

**V.   Government's Motion to Admit Inextricably Intertwined Evidence, or Alternatively, Rule 404(b) Evidence**

Prior to seeking to admit evidence under FRE 404(b), the government must provide notice to Ms. Hernandez of the evidence it intends to admit, as well as explain the permitted purpose for admitting such evidence. To date, the government has not provided such notice. Nevertheless, the government seeks to introduce "in its case-in-

---

[1] https://nij.ojp.gov/topics/articles/prison-rape-elimination-act

1  chief various messages, images, call logs, transaction logs, and other forensic artifacts
2  located on the seized devices/iCloud." ECF No. 93, 9.

3  First, the government attempts to introduce this evidence as "inextricably
4  intertwined" with the charged conduct. However, without knowing what the
5  government seeks to introduce, it is impossible to evaluate whether this evidence is
6  "inextricably intertwined" with the alleged conduct. There are two narrow
7  circumstances in which the Ninth Circuit has permitted "other acts" evidence that was
8  "so inextricably intertwined with the crimes as to fall outside the scope of Rule 404(b)."
9  *United States. v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). First, where the
10 other act "constitutes a part of the transaction that serves as the basis for the criminal
11 charge." *Id.* at 1012. Second, where it is necessary to admit the other act evidence to
12 "permit the prosecutor to offer a coherent and comprehensible story regarding the
13 commission of the crime," such as "to explain either the circumstances under which
14 particular evidence was obtained or the events surrounding the commission of the
15 crime." *Id.* at 1012-13.

16 Here, the government alleges that Ms. Hernandez engaged in two separate
17 sexual acts with I.K.N. Contrary to the government's argument, the "nature of the
18 relationship between [Ms. Hernandez] and I.K.N." is not relevant to whether she
19 knowingly engaged in the two sexual acts alleged in the indictment. It is also not
20 relevant to demonstrate her access to I.K.N. when the government is already seeking
21 to introduce call and transaction logs. Additionally, none of this evidence is needed to
22 tell a coherent or comprehensible story. Therefore, the Court should deny the
23 government's motion to introduce evidence of "other acts" as inextricably intertwined
24 with the charged offenses.

25 Second, the government seeks to introduce evidence of "other acts" under FRE
26 404(b). To demonstrate that evidence of Ms. Hernandez's prior acts is relevant for
27 Rule 404(b) purposes, the government must articulate *precisely* the evidentiary
28 hypothesis by which a fact of consequence may be inferred from the prior acts

evidence. *See United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). Rule 404(b) also obligates the government to provide reasonable, written notice of the evidence and its specific non-propensity purpose, as well as the reasoning that supports the purpose. *See* Fed. R. Evid. 404(b)(2)(3); *United States v. Elmurry*, 776 F.3d 1061, 1068 (9th Cir. 2015). Despite the Rule's clear notice requirements, the government has provided none. To the extent that it seeks to characterize its motion as "notice," it remains insufficient. The government merely states: the "[e]vidence of the existence of communications between [Ms. Hernandez] and I.K.N., their conduct leading up to [Ms. Hernandez's] arrest, including the history of their relationship, is admissible to demonstrate [Ms. Hernandez's] opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake." ECF No. 93, 9-10. The government's conclusory explanation fails to "articulate the reasoning that supports the [permitted] purpose." Fed. R. Evid. 404(b)(2)(B). For that same reason, the evidence is also irrelevant under Rule 401. Finally, the evidence is substantially more prejudicial than probative under Rule 403—the probative value is zero, and the prejudicial effect would be plain.

## VI. Government's Motion to Admit I.K.N. Video/Jail calls to Ms. Hernandez

The government seeks to admit I.K.N.'s video and jail calls to Ms. Hernandez. ECF No. 93, 10. It claims that these out of court statements are "generally, admissible under several evidentiary rules." *Id.* Specifically, the government claims they are admissible under the present sense impression exception under FRE 803. Alternatively, it seeks to invoke the rule of completeness. The Court should deny the government's motion because I.K.N.'s statements constitute inadmissible hearsay.

First, to the extent the government seeks to admit these hearsay statements as effect on the listener or presence sense impressions, they are irrelevant. I.K.N.'s subjective view of his relationship with Ms. Hernandez or her control over him is irrelevant. Similarly, I.K.N.'s present sense impressions are not relevant to the charged conduct.

Second, the government seeks to introduce I.K.N.'s statements under the rule of completeness. ECF No. 93, 10. It argues that I.K.N.'s statements are necessary to "avoid the potential for creating misleading impressions by taking statements out of context." *Id.* The rule of completeness explicitly states: "[i]f a party introduces all or part of a statement, *an adverse party* may require the introduction . . . of any other part— or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. R. 106 (Emphasis added). The government seeks to circumvent the rule against hearsay by attempting to complete its own proposed statements. The risk of unfairness arises from an adverse party introducing statements that create misleading impressions without the ability to offer context. Here, the government as the proponent is merely seeking to admit self-serving hearsay. Notably, none of the cases the government relies on expand the rule to apply to the proponent party. If the Court is inclined to allow the government to invoke this rule to complete its own proposed statements, Ms. Hernandez requests disclosure of the specific statements to determine whether they in fact raise the risk unfairness or confusion.

## VII. Government's Motion to Preclude Evidence of I.K.N.'s Current Custody Status

The government seeks to preclude the defense from introducing evidence referencing I.K.N.'s current custody status. ECF No. 93, 11. The Court should deny this motion as premature and should rule on any objections contemporaneously at trial. Ms. Hernandez will abide by the rules of evidence, including the rule governing the admissibility of relevant evidence.

## VIII. Government's Motion to Exclude Improper Character Evidence

Ms. Hernandez does not intend to offer inadmissible character evidence.

## IX. Government's Motion to Preclude Ms. Hernandez from Offering Expert Testimony

Ms. Hernandez does not intend to offer expert testimony.

**X.  Government's Motion for Attorney Voir Dire**

As permitted by this Court's chamber rules, Ms. Hernandez joins the government's motion to allow for attorney conducted voir dire.

**XI.  Government's Motion to Preclude Ms. Hernandez from Offering Evidence of Sexual Harassment**

The government seeks to preclude the defense from offering evidence related to allegations that Ms. Hernandez was sexually harassed by OMDC detention officers. ECF No. 93, 13. The Court should deny this motion as premature and should rule on any objections contemporaneously at trial. Ms. Hernandez will abide by the rules of evidence, including the rule governing the admissibility of relevant evidence.

**XII.  Government's Motion to Compel Reciprocal Discovery**

The government's right to reciprocal discovery is triggered by its own compliance with Rule 16. Fed. R. Crim. P. 16(b)(1)(A). Nevertheless, Ms. Hernandez has produced approximately 2700 pages of reciprocal discovery and will continue to comply with all her obligations under the Federal Rules of Criminal Procedure.

**XIII.  Government's Motion to Preclude Evidence about OMDC Investigator Arturo Torres' role in deportations**

The government seeks to preclude the defense from offering evidence related to OMDC Investigator Arturo Torres' role in deportations. ECF No. 98, 2. The Court should deny this motion as unripe and should rule on any objections contemporaneously at trial. Ms. Hernandez will abide by the rules of evidence, including the rule governing the admissibility of relevant evidence.

Respectfully submitted,

Date:  May 1, 2025         Signed:  *s/ Marc Levinson & Jessica Oliva*
                                    Attorneys for Shantal Hernandez
                                    Federal Defenders of San Diego
                                    marc_levinson@fd.org
                                    jessica_oliva@fd.org